IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL TOMLINSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | NO. 4:21-CV-1388-O |
| | § | |
| PARKER COUNTY JAIL, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER TO REPLEAD

On December 30, 2021, the Clerk received a letter from Michael Tomlinson that has been docketed as a complaint. The letter seeks legal advice regarding pursuit of claims. As best the Court can tell, Tomlinson is concerned about lack of medical care in the Parker County Jail. However, he has not identified any proper defendants. "Parker County Jail" is not a legal entity that may be sued.

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. *Twombly*, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal

conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

The facts pleaded must allow a court to infer that the plaintiff's right to relief is plausible. *Iqbal*, 556 U.S. at 678.  To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. *Id.* In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

As alleged, Tomlinson's complaint fails to assert a constitutional violation that would entitle him to relief. Tomlinson mentions the sheriff and warden but appears to contend that they are liable solely because of their supervisory roles as sheriff and warden. However, the doctrine of *respondeat superior* does not apply to a § 1983 action. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Further, Tomlinson has not alleged any facts to show that any of the defendants has intentionally deprived him of adequate medical care. To establish a constitutional violation, he must demonstrate that the deprivation alleged was sufficiently serious, i.e., deprived him of the minimal civilized measure of life's necessities, and that the prison official possessed a sufficiently culpable state of mind, i.e., the official acted with deliberate indifference to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001); *Hare v. City of Corinth*, 74 F.3d 633, 644-45 (5th Cir. 1996)(discussing analysis of claims of pretrial detainees).

Accordingly, the Court is directing the Clerk to send to Tomlinson appropriate forms to pursue a claim under 42 U.S.C. § 1983 and to proceed *in forma pauperis*. Tomlinson must

complete and return the forms within 30 days to proceed with this action. He must identify each defendant and state all the material facts on which he contends he will establish his right to recover against that defendant.

Failure to comply with this order in any respect may lead to the dismissal of Tomlinson's claims without further notice.

**SO ORDERED** on this 4th day of January, 2022.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**